PEDRO BLANCH ET AL., Plaintiffs and Appellants, *v.* RAFAEL DE J. CORDERO, AUDITOR OF PUERTO RICO, ET AL., Defendants and Appellees.

No. 9822.    Argued April 7, 1949.—Decided April 14, 1949.

*Arturo O'Neill* for appellants. *Vicente Géigel Polanco (Luis Negrón Fernández,* former *Attorney General,* on the brief) and *A. Torres Braschi, Assistant Attorney General,* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

On June 16, 1947 several officers and employees of The People of Puerto Rico instituted a mandamus proceeding against the Auditor and Treasurer of Puerto Rico praying that the latter be ordered to issue the respective orders of payment in favor of the plaintiffs and pay the sums that the Governor of Puerto Rico had deducted from their salaries in approving the Budget Act for the fiscal year 1932–33. The lower court dismissed the petition. The plaintiffs appealed and allege herein that it erred in deciding that the Governor acted lawfully in making the reductions, in holding that the Governor could, under the law, approve a budget for the fiscal year 1932–33 and in deciding that the petitioners were guilty of laches.

In our opinion none of the errors assigned was committed.

■■ In the first assignment appellants contend that the construction given by this Court to the first paragraph of § 34 of our Organic Act [1] in *De la Rosa* v. *Winship, Governor,* 47 P.R.R. 312 is erroneous and they argue their point by maintaining that this Court, "instead of confining itself to the context of the English statements . . . goes on to search the lawmaker's intention in the Spanish version of those English statements . . ."

If *De la Rosa* v. *Winship, supra,* were the only case where the first paragraph of § 34 of the Organic Act was construed, perhaps we would feel inclined to consider the question anew

[1] The pertinent portion of said paragraph provides:
". . . If any bill presented to the governor contains several items of appropriation of money, he may object to one or more of such items, or any part or parts, portion or portions thereof, while approving of the other portion of the bill."

under the philological aspect broadly discussed by the appellants in their brief. However, this same question was formerly considered by this Court in *León* v. *Fitzsimmons, Auditor*, 61 P.R.R. 340 and *Ferrao* v. *Cordero, Auditor*, 67 P.R.R. 314, ratifying *De la Rosa* v. *Winship, supra* and, furthermore, the *León* case was affirmed by the Court of Appeals for the First Circuit in *Fitzsimmons* v. *León*, 141 Fed. 2d 886, 888, (1944), where, after citing paragraph 1 of § 34 of the Organic Act in English, it was held that:

". . . From these words the intention of Congress to empower the Governor to scale down as well as to disapprove items in appropriation bills is clear, . . ."

It can not be maintained, having the ring of accuracy, that this Court committed error in construing the scope of paragraph 1 of § 34, *supra*, following the Spanish version, when the same interpretation has been applied by the Court of Appeals, relying on the original version in English. The truth is that in *De la Rosa* v. *Winship, supra*, this Court considered the statute in both languages.

■■ The appellants further contend that pursuant to another part of the first paragraph of § 34 which provides that "The Governor shall submit at the opening of each regular session of the legislature a budget of receipts and expenditures, which shall be the basis of the ensuing biennial appropriation bill," the Governor could not approve a Budget Act for the fiscal year 1932–33, as he should have submitted to the Legislature an appropriation bill for the ensuing two years, and having failed to do so, no budget was validly approved, wherefore the one for the preceding year prevails.

Section 33 of the Organic Act originally read, in its pertinent part, thus:

"Section 33.—That the first regular session of the Legislature of Porto Rico, provided for by this Act, shall convene on the twenty-eighth day after the first election provided for herein, and regular sessions of the legislature shall be held biennially

thereafter, convening on the second Monday in February of the year nineteen hundred and nineteen, and on the second Monday in February of each second year thereafter."

As amended by an Act of Congress of March 4, 1927, this provision now reads thus:

"That regular sessions of the legislature shall be held annually, convening on the second Monday in February of each year and closing not later than April 15 following . . ."

Section 34 has not been amended, but the executive and legislative practice since 1928 has been that, according to § 33, as amended, the Governor shall submit at the opening of each annual regular session of the Legislature a budget of receipts and expenditures which shall be the basis of the ensuing appropriation bill. As the Legislature has held regular sessions annually, since 1928, instead of biennially, as provided by § 33 prior to its amendment, it could not be logically presumed that the intention of Congress, in not amending § 34, was that the Governor should continue preparing, and the Legislature approving, appropriation bills for two years. Although we do not believe in favoring tacit amendments or repeals, in this case the provisions of § 34, when referring to the "ensuing biennial" appropriation bill, were virtually amended by § 33 insofar as it provides for annual instead of biennial regular sessions as was previously done. Formerly "each regular session" was held biennially and hence the biennial budget was justified. Since 1928 "each regular session" has been held annually and hence the annual budgets are in turn justified. The lower court did not err in so holding.

Nor did it err in deciding that, in any event, the appellants had incurred in laches in filing their petition in 1947, claiming the salaries for the fiscal year 1932–33, that is, more than fourteen years after the approval of the budget for said year.

Mr. Justice Negrón Fernández did not participate herein.